[L. A. No. 6584. In Bank.—August 26, 1921.]

## KLOKKE INVESTMENT COMPANY (a Corporation), Respondent, v. MEYER LISSNER et al., Appellants; R. LEWIS et al., Defendants.

[1] ESTATES OF DECEASED PERSONS—DECREE OF DISTRIBUTION—STATUS OF DISTRIBUTEE—PRESUMPTION.—The fact that a note and mortgage belonging to the estate of a deceased person are distributed to a certain person upon the decree of distribution raises the presumption that such person is the sole heir of the deceased, or the legatee of that portion of the estate.

[2] ID.—VESTING OF TITLE—TIME.—The legal title to a note and mortgage belonging to the estate of a deceased person vests upon the death of such person in one who is either the sole heir of the deceased or the legatee of such property, except so far as resort thereto is necessary for the payment of the debts and expenses of administration and for the carrying out of the provisions of the will.

[3] ID.—RELEASE OF MORTGAGE—WANT OF AUTHORITY—DISTRIBUTION OF NEW MORTGAGE—ESTOPPEL.—Where the executrix of a will, without having any authority either under the will or from the court, released and canceled a note and mortgage belonging to the estate in consideration of the execution of a new note and mortgage on the same property by third parties, and such new note and mortgage were distributed to the executrix as legatee under the will, she was estopped from ever thereafter attempting in any way to enforce the old mortgage, and the mortgagors in an action for the foreclosure of the new mortgage could not set up her want of authority as a defense to the action.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ray Howard and Joseph L. Lewinsohn for Appellants.

Oscar Lawler, W. W. Butler and John M. Hall for Respondent.

SHAW, J.—This is an appeal by all the defendants except one, R. Lewis, from a judgment against the defendants for the foreclosure of a mortgage executed by the defendants Meyer Lissner and Ermine Lissner, his wife, on January 2, 1915, for the sum of eighty-five thousand dollars, with interest. The mortgage was made to Johanna E. Klokke, executrix of the estate of Ernst F. C. Klokke, and was by her duly assigned to the plaintiff.

The only answer embraced in the record on appeal is that of Louis M. Lissner. The other answers were omitted upon a stipulation of all parties that the allegations of that answer present all the facts material to the defense of the other defendants.

The defense set up in said answer is that the mortgage and note sued on were given without any consideration. The facts upon which this defense rests are alleged to be as follows: On June 2, 1912, one C. B. Youngken and W. E. McVay executed to Ernst F. C. Klokke a note for eighty-five thousand dollars and a mortgage to secure the same on the property described in the complaint, due January 2, 1915. In the year 1914 Klokke died and Johanna E. Klokke was duly appointed executrix of his estate and she qualified as such executrix. After the said Youngken and McVay mortgage became due, Meyer Lissner and wife executed to Johanna E. Klokke, as executrix as aforesaid, the note and mortgage in suit, in consideration of the release and cancellation by said executrix of the said note and mortgage given by Youngken and McVay, as aforesaid. This, of course, was on its face an adequate and sufficient consideration for the note and mortgage of Lissner, if the release and cancellation of the previous note and mortgage were valid and effectual. The answer further avers that said executrix was not, by the will of Ernst F. C. Klokke, empowered to release said mortgage; that she never obtained any order of the court in probate empowering her, as executrix or otherwise, to release or cancel said mortgage; that she afterward rendered her final account as executrix of the

estate, in which she returned the Youngken and McVay note and mortgage as part of the assets of said estate; that the account was settled accordingly; that a decree of distribution of the estate was thereafter duly made, whereby said Youngken and McVay note and mortgage were distribnted to her as legatee under said will; that said Youngken and McVay note and mortgage were never actually delivered up, surrendered, or canceled; that said Johanna E. Klokke is still the owner and holder thereof; that she elected to and did retain the same and repudiated the said note and mortgage of Lissner and wife sued on herein, and that the prior mortgage of Youngken and McVay still remains a lien on the property in favor of said Johanna E. Klokke, to the prejudice of said defendant.

The findings below were to the effect that the consideration of the note and mortgage sued on was the satisfaction and cancellation of said Youngken and McVay note and mortgage; that a release thereof was executed by Johanna E. Klokke as executrix as aforesaid, and delivered by her to the Title Insurance & Trust Company in escrow, to be by them surrendered and canceled upon the execution and delivery of the note and mortgage sued on, and that this was done accordingly, but that the custody of the said Youngken and McVay mortgage was retained by said Trust Company, and that in November, 1915, said executrix filed her final account and petition for distribution in said estate; that said account did not show said note and mortgage sued on as an asset of said estate, but did include said Youngken and McVay note and mortgage as an asset thereof, but that the note and mortgage sued on was distributed to Johanna E. Klokke by the decree of distribution in said estate; that the Youngken and McVay note and mortgage had been previously satisfied and canceled as aforesaid, and that the said account and said decree were erroneous in so far as they included the prior note and mortgage as assets of said estate, and that Johanna E. Klokke is not now, and was not when the action was begun, the owner or holder of said Youngken and McVay note and mortgage, or either of them, and that the same do not constitute a lien or encumbrance upon the property described therein. It should be added in explanation that it is conceded that both of the said mortgages covered the same property. It is also con-

ceded that the will did not expressly authorize said executrix to satisfy or release said prior mortgage, nor did she as executrix obtain any order of court giving her such authority or approving the same.

The briefs of the parties are devoted mainly to the discussion of the question whether or not an executrix could lawfully extend the time on a note belonging to the estate, or take a new mortgage and note as consideration for the release of a mortgage belonging to the estate, where the new mortgage extends the time of payment beyond that given by the original mortgage, unless the will itself gives such authority, or authority is obtained from the court having jurisdiction of the estate in probate. We do not think these questions are necessary to the decision of the case.

[1] The fact that the note and mortgage sued on were distributed by the court below to said Johanna E. Klokke upon the decree of distribution of said estate raises the presumption that she was the sole heir of the decedent, or the legatee of that portion thereof. The decree itself is set forth in the bill of exceptions and it shows that all the assets of the estate were distributed to her. [2] The legal title to the Youngken and McVay mortgage, therefore, vested in Johanna E. Klokke at the time of the death of Ernst F. C. Klokke, subject to administration. This means that the complete title to said note and mortgage vested in her at his death, except so far as resort thereto was necessary for the payment of the debts and expenses of administration and for the carrying out of the provisions of the will. The result of the administration, as disclosed in the findings, show that resort to said note and mortgage was not necessary for either of these purposes. Consequently her title became absolute upon such distribution. [3] Under these circumstances, the release by Johanna E. Klokke of the original note and mortgage became binding upon her personally, whether binding upon the estate or not. When the administration was closed and the note and mortgage taken in satisfaction thereof were distributed to her, whatever title the estate may have had by reason of any defect in her power for the satisfaction of the original note and mortgage passed to her as the sole successor to the estate. The result is that she is estopped from ever setting up or claiming any benefit whatever from the Youngken

and McVay mortgage and from attempting in any way to enforce the same.  By the facts found in this case the defendants are fully protected against any prejudice on account of any defect that may exist with respect to the release executed by Johanna E. Klokke as executrix of the estate of Ernst F. C. Klokke.  The questions argued with respect to her power in the premises might have been of some importance if they had arisen and become applicable prior to the final settlement of said estate, but when upon such settlement she succeeded to the full ownership of all of the said estate, including any shadow of technical force left in the original note and mortgage, as well as the note and mortgage sued on, taken in lieu of the original, and thereupon assigned the new note and mortgage to the plaintiffs, she thereby ratified the release of the prior mortgage, and those questions ceased to be of any importance.

The evidence makes it very clear that there is no merit in the defense pleaded.  When the old mortgage was released it was delivered to the agent of Lissner in exchange for the new note and mortgage, and that agent thereafter held custody of the old note and mortgage as agent for Lissner, not for Mrs. Klokke.  They were, in legal contemplation, delivered up to him.  The note was not negotiable, and it was not possible for any person to use it to the injury of Lissner or those interested under him.  Upon the settlement of the estate and the distribution of everything to Mrs. Klokke, the satisfaction became absolute and beyond attack. The technical conditions which defendants now claim imperiled their rights and threatened them with a double payment of the debt had ceased to exist before this suit was begun, and the defendants would be presumed to have had notice thereof, since the facts were either within their knowledge or matters of public record.  The original debt has never been paid.  If the defense were held good, the defendant would escape payment altogether.

We are not to be understood as intimating that, under the circumstances of this case as above shown, the release of the old note and mortgage and the surrender of the note would not have been binding upon the estate, even before the close of the administration, since it did not cause the estate any prejudice other than the extension of

the time of payment, and the only persons interested consented thereto. (*Maddock* v. *Russell,* 109 Cal., at pp. 423, 424, [42 Pac. 139].)

The judgment is affirmed.

Sloane, J., Lennon, J., Shurtleff, J., Lawlor, J., and Wilbur, J., concurred.